THE STATE OF OHIO, APPELLEE, *v.* CRAIG, APPELLANT.

(No. 412—Decided June 25, 1969.)

*Mr. Carl T. Wolfrom,* for appellee.
*Mr. Lester C. Huth,* for appellant.

YOUNGER, J. The defendant in this case was found guilty in the Fostoria Municipal Court of riding a motorcycle without a protective helmet in violation of Section 4511.53, Revised Code, and has appealed on the ground that such statute deprives him of his constitutional rights guaranteed by the state of Ohio and the United States.

Section 4511.53, Revised Code (as amended and effective January 1, 1968, 132 Ohio Laws H 380), reads, in pertinent parts, as follows:

"* * *

"No person shall operate a motorcycle on a highway * * * unless wearing a protective helmet on his head * * *. Such helmet * * * shall conform with regulations prescribed and promulgated by the director of highway safety. * * *"

We are thus presented with a simple and direct question—Is the above enactment by the Legislature a constitutional exercise of the state's police power? This question has not been passed upon by an Ohio court.

It is settled constitutional doctrine that a state's police power can be properly exercised only where there is a reasonable relationship to the public health, safety, morals or welfare. Conversely, if the courts can find no relationship between the statute in question and the public health, safety, morals or welfare, the statute is unconstitutional. If there is no benefit flowing to the public from the enforcement of a statute which restricts individual freedom, there is a denial of liberty without due process of law. *Fairmont Creamery Co.* v. *Minnesota* (1927), 274 U. S. 1; *Atkin* v. *Kansas* (1903), 191 U. S. 207; *Minnesota* v. *Barber* (1890), 136 U. S. 313; *Mugler* v. *Kansas* (1887), 123 U. S. 623.

In the recent case of *American Motorcycle Assn.* v. *Davids* (1968), 11 Mich. App. 351, 158 N. W. 2d 72, the Michigan Court of Appeals held a similar statute unconstitutional. The decision was based primarily on a finding that the statute was intended only for the protection of the individual motorcyclist—not for the safety and well being of the general public—and that it thus went beyond the permissible scope of the state's police power. The court said

"The principle that a presumption of validity attaches to legislation is recognized. * * *

"* * * *

"This statute has a relationship to the protection of the individual motorcyclist from himself, but not to the public health, safety and welfare.

"* * * *.

"The precedental consequences of 'stretching our imagination' to find a relationship to the public health, safety and welfare, require the invalidation of this statute."

The above decision is representative of the initial

reaction to such statutes by other courts. In *People* v. *Smallwood* (1967), 52 Misc. 2d 1027, 277 N. Y. Supp. 2d 429, the Justice of the Peace held a similar statute unconstitutional because "The statute does not require this stated safety device upon the vehicle itself for the purpose of protecting other users of the highways from injuries or damage; it simply removes from the individual the right to exercise his judgment, or preference, in the use of personal adornment, even though capricious." In *People* v. *Carmichael* (1967), 53 Misc. 2d 584, 279 N. Y. Supp. 2d 272, in construing a similar statute, the court said, at page 588:

"There are many definitions of the police power. All of the definitions, when properly understood, involve the principle of regulating the conduct of one person so that another person will not be unreasonably endangered or restricted in the use and enployment of public and private property; the regulation of the conduct of one person is justified because of the effect of that conduct on other persons. In the case of the vehicle and traffic laws, the police power authorizes statutes that tend to make the highways safer or more useful to the general public. It can be argued that the statute here questioned affects public welfare because if a person suffers injury that could have been avoided by wearing a protective helmet, that person will perhaps become a public charge because of a disabling injury and that those who have been dependent upon that person for support may also become a public charge. The possibility and even likelihood of this happening cannot be denied. If a statute required every person to refrain from smoking there could be no serious argument that many persons would be spared crippling illnesses that cause premature disability and death. If a statute required every person to retire to bed by 10:00 p. m. every evening it would probably benefit the general health of many citizens. A court cannot say as a matter of law that there is no public benefit from a statute requiring motorcyclists to wear a protective helmet or a statute requiring all persons to refrain from smoking, or a statute requiring all persons to retire to bed by 10:00 p. m. every evening.

"To state this argument and concede that it has weight does not decide the issue. * * *"

The court, however, held, at page 590:

"It is the holding of this court that subdivision 6 of section 381 of the vehicle and traffic law, which requires the operator of a motorcycle to wear a protective helmet, is unconstitutional as applied to this defendant because it is not sufficiently definite to sustain a criminal conviction, and because the police power does not authorize statutes requiring a citizen to protect his own physical well being. * * *"

In *Everhardt* v. *New Orleans* (1968), 208 So. 2d 423, the Louisiana Court of Appeals said, at page 426:

"In our view the helmet ordinance constitutes a denial of due process of law to plaintiffs in that it deprives them of an individual liberty without promoting a purpose beneficial to the public at large. * * *.

"Further, we conclude the ordinance also denies plaintiffs the equal protection of laws in that it imposes undue restrictions on one class of the motoring public without any salutary effect to the public at large. * * *"

The majority trend, however, has been to hold helmet statutes constitutional. In *People* v. *Bielmeyer* (1967), 54 Misc. 2d 466, 282 N. Y. Supp. 2d 797; *People* v. *Schmidt* (1967), 54 Misc. 2d 702, 283 N. Y. Supp. 2d 290; and *People* v. *Newhouse* (1968), 55 Misc. 2d 1064, 287 N. Y. Supp. 2d 713, the statute was held constitutional; and in *People* v. *Carmichael* (1968), 56 Misc. 2d 388, 288 N. Y. Supp. 2d 931, the *Carmichael case, supra,* was reversed. These cases held that the state has a right, under its police power, to regulate how riders and passengers of vehicles susceptible to special dangers should protect themselves on public property so as not to be harmful to the welfare of the remainder of the traveling public.

In *State, ex rel. Colvin,* v. *Lombardi* (1968), — R. I. —, 241 A. 2d 626, the Supreme Court of Rhode Island held that such a statute bears a reasonable relationship to highway safety generally and does not constitute improper exercise of police power in attempting to protect people from consequences of their own carelessness.

In *State* v. *Mele* (1968), 103 N. J. Super 353, 247 A.

2d 176 a New Jersey case, the constitutionality was upheld on the basis of the New York cases, *supra,* and *Commonwealth* v. *Howie, post.*

In *Commonwealth* v. *Howie* (1968), — Mass. —, 238 N. E. 2d 373 (certiorari to United States Supreme Court denied), the Supreme Judicial Court of Massachusetts upheld the constitutionality of the helmet statute stating that it was in agreement with *State, ex rel. Colvin,* v. *Lombardi, supra,* and further stating "a recent Michigan decision to the contrary is not persuasive."

We believe that with the great increase of motorcycles on the highways, a motorcyclist who loses control of his vehicle because he is struck on his bare head by an object, constitutes a hazard to other users of the highway who may be struck by a motorcycle which has gone out of control.

We are, therefore, of the opinion that the statute here involved bears a real and substantial relation to the public health and general welfare and is thus a valid exercise of the police power and constitutional.

*Judgment affirmed.*

COLE, P. J., and POTTER, J., concur.

POTTER, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.