Thomas E. EITEL and Clyde L. Thompson, Plaintiffs,

v.

Earl FAIRCLOTH, Attorney General of the State of Florida, Marvin U. Mounts, Jr., County Solicitor of Palm Beach County, Florida, Wm. Heidtman, Sheriff of Palm Beach County, Florida, H. N. Kirkman, Executive Director, Dept. of Safety and Motor Vehicles, Donald Kohl, Chief Judge, Small Claims-Magistrate Court of Palm Beach County, and all members of the Classes of Public Officials represented by Defendants, Defendants.

Lloyd MILLER, Plaintiff,

v.

Earl FAIRCLOTH, Attorney General of the State of Florida, James W. Kehoe, Circuit Judge of the 11th Judicial Circuit in and for Dade County, Florida, Mattie Belle Davis, Judge of the Metropolitan Court of Dade County, Florida, Richard E. Gerstein, State Attorney of Dade County, Florida, Porter Homer as County Manager of Metropolitan Dade County, Florida, and E. Wilson Purdy, Sheriff of Dade County, Florida, Defendants.

Nos. 69–1463–Civ., 69–1486–Civ.

United States District Court,
S. D. Florida.

March 16, 1970.

Joseph C. Valantiejus, Lake Park, Fla., Robert M. Brake, Coral Gables, Fla., John M. Callaway, Lake Worth, Fla., for plaintiffs.

Earl Faircloth, Atty. Gen., T. T. Turnbull, Chief Trial Counsel, Edwin E. Strickland, Asst. Atty. Gen., for Earl Faircloth.

Leo L. Foster, Parker, Foster & Madigan, Tallahassee, Fla., of counsel for Dept. of Safety and Motor Vehicles.

Deschler, Reed, Mowry & Poulton, Boca Raton, Fla., for defendant William Heidtman, Sheriff of Palm Beach County.

Thomas L. Brown, for Marvin U. Mounts, Jr.

Before DYER, Circuit Judge, and FULTON and CABOT, District Judges.

## ORDER

PER CURIAM.

The above styled cases were consolidated for hearing on the merits before the Three-Judge District Court because of the similarity of the issues presented. Each case, however, has its own genesis and for purposes of clarity, will be discussed separately.

*Eitel and Thompson vs. Faircloth*

The plaintiffs, Thomas E. Eitel and Clyde L. Thompson, are motorcycle enthusiasts. They were arrested by Florida State law enforcement officers and charged with failure to wear a protective crash helmet as required by Florida Statute 317.981, F.S.A. That Statute provides as follows:

"More than one person riding on certain two-wheel motor vehicles prohibited; use of crash helmets required

(1) It is unlawful for any person to ride on any motorcycle or motor-driven cycle unless:

(a) Riding on a seat permanently attached to such vehicle and specifically designed to carry such person in a safe manner.

(b) Wearing a crash helmet and protective safety mask, protective safety glasses or protective safety goggles at all times such vehicle is in motion.

(c) The above protective equipment shall meet the standards of the 1966 national highway safety act.

(2) No such vehicle shall be used to carry more persons at one time than the number for which it is designed and equipped."

The plaintiffs filed a motion to dismiss the Information against them on the ground that Florida Statute 317.981, F.S.A. was violative of the First, Ninth and Fourteenth Amendments to the Constitution of the United States. Their motion to dismiss was granted. The State then appealed to the Florida Supreme Court which reversed and remanded, having found the Statute to be constitutional. State v. Eitel, 227 So.2d 489 (Fla.1969). No petition for writ of certiorari was made to the Supreme Court of the United States.

The plaintiffs brought this action individually and as representatives of a class of motorcyclists pursuant to 28 U.S.C. Sections 1343(3), 2201, 2202, 2281, 2284 and 42 U.S.C. Section 1983, seeking (1) a declaratory judgment that the statute upon which they were charged is unconstitutional, and (2) a preliminary and permanent injunction restraining the defendants from enforcing the Statute. The issue presented for this Court's determination is whether a Federal District Court has jurisdiction to directly review a final determination of Federal constitutional questions voluntarily submitted to and decided by the State Courts of Florida in connection with litigation pending in the State

Courts, no review by the United States Supreme Court having been sought.

The Fifth Circuit Court of Appeals has recently had the opportunity to consider this precise issue, and its resolution is well settled. In Brown v. Chastain, 5 Cir. 1969, 416 F.2d 1012 the Court held at pages 1013–1014:

"As stated in Pilkinton v. Pilkinton, 8 Cir. 1968, 389 F.2d 32 '[i]t is plainly evident that what appellant seeks in this original action is a review by the federal courts of the proceedings of the * * * [Florida] State Courts in the divorce action. Federal courts are without authority to function as an appellate arm of the state courts.' Id. at 33. The decision of a federal constitutional question by a state court does not warrant a mandatory injunction in the nature of mandamus nor an order striking its decision even if erroneous. *'State courts are competent to decide questions arising under the federal constitution, and federal courts most assuredly do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts.'* " (Emphasis added).

The fact that Eitel and Thompson brought this action as representatives of a class does not affect our holding that a Federal District Court is without jurisdiction to hear Federal constitutional claims which have been presented to and decided by the State Courts. Neither the addition of parties plaintiff nor parties defendant can confer jurisdiction if it would otherwise be lacking. Paul v. Dade County, Florida, 419 F.2d 10, 5 Cir. 1969, 419 F.2d 10.

### Miller vs. Faircloth

Lloyd Miller also seeks declaratory and injunctive relief, but his case differs from that of Eitel and Thompson in two respects. First, Miller was arrested for a violation of a County ordinance, rather than a State Statute, and secondly, his case is pending on Appeal.

By way of background, Miller was arrested on July 16, 1968, and charged with failure to wear a protective crash helmet on the public roads of Dade County, Florida, in violation of Section 30–35 c of the code of Metropolitan Dade County, Florida. This County ordinance is patterned after and almost identical to Florida Statute 317.981, F. S.A., *supra.*

Section 2281, Title 28, U.S.C. requires that a Three-Judge Court be convened in any case in which a preliminary or permanent injunction is sought to restrain "the enforcement, operation or execution of any *State Statute* * * * (emphasis added). Not only must a State Statute be involved but it must be one of State-wide application. As was stated in Moody v. Flowers (1967), 387 U.S. 97, at page 101, 87 S.Ct. 1544, at page 1548, 18 L.Ed.2d 643, at page 647:

"The Court has consistently construed the section [§ 2281] as authorizing a three-judge court not merely because a state statute is involved but only when a state statute of general and statewide application is sought to be enjoined. * * * *The term "statute" in § 2281 does not encompass local ordinances or resolutions.*" (Emphasis added).

We conclude that an attack on the constitutionality of this local Dade County, Florida, ordinance is clearly insufficient to warrant the convening of a Three-Judge District Court.

Rather than simply dissolve the Three-Judge Court and remand to a single District Judge, we think it desirable to follow the approach suggested by Chief Judge Spears in Rodriguez v. Brown, (W.D.Tex.1969), 300 F.Supp. 737, and by Chief Judge Brown in Hargrave v. McKinney, (M.D.Fla.1969), 302 F.Supp. 1381, and that is to remand to the presiding Judge whose determination on the merits would become final on the joinder, by concurrence or dissent, of the other members of the panel. Accordingly, the formal Three-

Judge Court is dissolved and the case remanded to Chief Judge Fulton.

The following discussion reflects the opinion of Chief Judge Fulton, the presiding District Judge, with whom the other members of the panel concur.

The Three-Judge Court, having concluded that it was without jurisdiction to consider the constitutionality of the Metropolitan Dade County ordinance in question, it is incumbent upon this Court to determine that issue as well as the propriety of the plaintiff's request for injunctive relief.

■ Although the Florida Supreme Court has not had the opportunity to consider the constitutionality of the ordinance here in question, the Court finds the rationale of Brown v. Chastain, *supra*, controlling. Miller had sought to have his appeal set for oral argument at the same time as the Eitel and Thompson case which was then pending before the Florida Supreme Court. In his motion to that Court, Miller stated that the cases involved the same questions of law and that "the determination of the law in any one case [would] be a determination of the law for all cases". The rest is history. The Florida Supreme Court transferred the case to the Florida Third District Court of Appeal, which in turn transferred it to the Dade County Circuit Court where it is now pending. In the meantime, however, the Florida Supreme Court upheld the constitutionality of the helmet law, State v. Eitel and Thompson, *supra*, and with the prospects of success looking slim, the plaintiff looked to the Federal Court for relief. While this is not a pure *Chastain* situation, it is pure enough. This Court will not provide a forum for a disgruntled litigant to relitigate Federal claims which have been presented to and decided by State Courts. Brown v. Chastain, *supra*.

■ Next, the plaintiff seeks to have this Court enjoin the State prosecution pursuant to Section 2283 of Title 28, United States Code. That section provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The language of Section 2283 is clear and should be strictly construed. There is no area of the law, with the exception of habeas corpus proceedings, which has done more to damage State-Federal relations than suits such as this to enjoin State prosecutions. Not only do suits of this type tend to cause a polarization of the State and Federal Judiciaries, but they tend to undermine and destroy basic respect for the State judicial system. As stated in Cameron v. Johnson (1968), 390 U.S. 611, at p. 618, 88 S.Ct. 1335, at p. 1339, 20 L.Ed.2d 182, at p. 188:

> "Federal interference with a State's good-faith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' 'and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy an of injunction."

■ In a prior decision, Dombrowski v. Pfister (1965), 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, the Supreme Court found it proper to enjoin state proceedings where "special circumstances" were shown to exist and where the state proceedings were not instituted prior to the filing of the federal suit. The instant case differs factually on both counts. Moreover, this is not one of those extraordinary cases where the federal injunction is necessary to vindicate clear First Amendment rights. Machesky v. Bizzell, 5 Cir. 1969, 414 F.2d 283. Thereupon, it is

Ordered and adjudged, as follows:

1. That the case of Eitel and Thompson vs. Faircloth be and the same is hereby dismissed for lack of jurisdiction.

2. That the case of Miller vs. Faircloth be and the same is hereby dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted.