**David L. BOGUE, Lloyd Miller, Lynn Ira Davis and James Joseph, Plaintiffs,**

**v.**

**Earl FAIRCLOTH, Atty. General of the State of Florida, Marvin U. Mounts, Jr., County Solicitor of Palm Beach County, Florida, William Heidtman, Sheriff of Palm Beach County, Florida, H. N. Kirkman, Executive Director, Dept. of Motor Vehicles and Safety, Donald Kohl, Chief Judge, Small-Claims-Magistrate Court, etc., Defendants.**

**No. 70–501–Civ.–CF.**

United States District Court,
S. D. Florida.

July 30, 1970.

---

Robert M. Brake, Coral Gables, Fla., for plaintiffs.

Timothy P. Poulton, Boca Raton, Fla., for William Heidtman.

T. T. Turnbull, Tallahassee, Fla., for Earl Faircloth.

Thomas L. Brown, Lake Park, Fla., for Marvin U. Mounts, Jr.

Parker, Foster & Madigan, Tallahassee, Fla., for H. N. Kirkman and Donald Kohl, Chief Judge, Small Claims Magistrate Court.

Before DYER, Circuit Judge, and FULTON and ATKINS, District Judges.

## MEMORANDUM OPINION

FULTON, District Judge.

### BACKGROUND

Plaintiffs Bogue, Miller, Davis, and Joseph allege that they have been arrested or cited for violation of Florida Statute § 317.981, F.S.A., the Florida Motorcycle Helmet Law. The constitutionality of this statute has been challenged in the State courts, and the Florida Supreme Court has determined that this statute is a constitutional requirement imposed upon motorcyclists. State v. Eitel, 227 So.2d 489 (Fla.1969).

The defendants in *Eitel* were Thomas Eitel and Clyde Thompson. Subsequent to the Florida Supreme Court's decision, these defendants, Eitel and Thompson, brought a class action in this Court seeking declaratory relief and an injunction. Eitel v. Faircloth, 311 F.Supp. 1160 (1970).

A similar challenge, also a class action, was brought in this Court by Lloyd Miller; the only distinction from the *Eitel* case was that Miller challenged the Dade County ordinance which required motorcyclists to wear helmets. That ordinance was based upon the Florida statute. Miller v. Faircloth, 311 F.Supp. 1160 (1970).

The *Eitel* and *Miller* cases were filed in this Court six days apart. An Order dated March 18, 1970, consolidated the two cases. Both were considered by a Three-Judge Court, constituted in accord with 28 U.S.C. § 2281. The Three-Judge Court dismissed both complaints. The *Miller* case was dismissed because 28 U.S.C. § 2281 requires an attack on a State statute—not on an ordinance with only local application; thus, the Three-

Judge Court had no jurisdiction to hear the *Miller* case. Upon dissolution of the Three-Judge Court, the case was remanded to a single judge, and this Court, on the basis of Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969), determined that Miller could not "relitigate federal claims which have been presented to and decided by State Courts." Thus Miller's complaint seeking injunctive relief was dismissed for failure to state a claim upon which relief could be granted.

The *Eitel* case was dismissed by the Three-Judge Court on the basis of Brown v. Chastain, supra, for Eitel was heard on the state court level, and what he sought in federal court was a review of that State Court decision.

## FACTS OF THE CASE

With that background in mind, the present case can be discussed. On April 12, 1970, a month after the Three-Judge Court was dissolved in the earlier helmet cases, the present case was filed. Bogue v. Faircloth, Case No. 70–501–Civ–CF. The plaintiffs are Bogue, Davis, Joseph, and Miller. Miller is the same Miller whose action was previously dismissed; however, he alleges that he has now been arrested for violation of the State statute. None of the other defendants have been before this Court previously. Again a Three-Judge Court is requested; again a class action is claimed. The infirmities of the prior cases appear to have been corrected.

## JURISDICTION

Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969) will not permit a Federal District Court to redetermine constitutional questions already determined by State Courts, for to do so would give Federal trial courts appellate jurisdiction over State courts. However, in *Brown* the same parties sought to litigate the same issues at both State and Federal levels. Paul v. Dade County, 419 F.2d 10 (5th Cir. 1969) expanded the *Brown* case to apply where new plaintiffs and defendants are added to a case already litigated

on the State level, then brought in Federal Court.

In the present case, the plaintiffs all allege that they have been arrested for or cited for violation of Florida Statute § 317.981. It is alleged that plaintiff Bogue was arrested for violating this statute, but his case was subsequently nolle prossed; plaintiff Davis has not yet been arraigned but he alleges he was cited for violation of the helmet law. Plaintiffs Miller and Joseph allege they have been arrested for violation of the helmet statute and are awaiting trial. None of these plaintiffs have apparently appealed their arrests or citations on the State level; of course, none have convictions or judgments from which to appeal.

One of the plaintiffs, Bogue, may lack a requisite case or controversy, since his case was dismissed. However, he alleges that he is "in constant fear and danger of being again arrested."

■ Because these cases have been brought immediately to Federal Court, it appears that neither *Brown* nor *Paul* apply. See, Elliott Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir. 1970).

Plaintiffs invoke the jurisdiction of the Court under 28 U.S.C. § 1343(3), deprivation of equal rights for all citizens under color of state law, and 28 U.S.C. §§ 2281, 2284, Three-Judge Court.

## PRIOR CASES

■ The constitutionality of the Florida statute in question was determined in State v. Eitel, 227 So.2d 489 (Fla.1969). A State Court's holding on a State statute's constitutionality is not controlling in a Three-Judge Court determination; however, it is certainly persuasive. Goesaert v. Cleary, 74 F.Supp. 735 (D.C. Mich.1947). *See also*, Kilgarlin v. Martin, 252 F.Supp. 404 (D.C.Tex.1966) (Opinion of State Attorney General is persuasive).

The Florida Supreme Court held that the legislature may impose minimal inconvenience to protect the motorcyclist and others on the road from the grave or

fatal consequence of a motorcycle accident. The Florida Court cited a New York legislative report stating that almost all motorcycle fatalities involved head injuries. The Court justified the legislature's use of the police power on two bases:

1. It is in the interest of society to have a strong and healthy citizenry;

2. Collision of flying stones and other objects with the naked eye may pose a menace to others on the road if the cyclist then loses control of his machine.

The Florida Court said that the eyeglass or goggle requirement would protect others on the road, for flying objects could temporarily blind the cyclist and could cause him to lose control of his vehicle. The goggle requirement was held, therefore, to be within the range of the police power. However, the Court failed to view the helmet requirement in the same manner. The Florida Court said the helmet law's basic purpose was to protect the individual rider's life and health. This Court disagrees with the Florida Supreme Court's position—the danger of flying objects is not limited to the eye. Objects striking the bare head, particularly the temple, could cause the rider to lose control and could trigger a multi-vehicle accident on an expressway as effectively as a flying object which strikes the rider in the eye. The Florida Court's remarks regarding the helmet requirements were unnecessary and unfortunate.

Similar statutes in other states have been challenged. Few courts have found their motorcycle helmet laws unconstitutional. American Motorcycle Association v. Davids, 11 Mich.App. 351, 158 N.W.2d 72 (1968); Ohio v. Betts, 21 Ohio Misc. 175, 252 N.E.2d 866 (Ohio Mun.1969).

Most courts considering the constitutionality of legislation requiring motorcyclists to wear helmets, goggles, or both have found their statutes to be a constitutional exercise of the police power. Love v. Ball, 465 P.2d 118 (Colo.1970);

Hawaii v. Lee, 465 P.2d 573 (Hawaii 1970); Missouri v. Cushman, 451 S.W.2d 17 (Mo.1970); Illinois v. Fries, 42 Ill.2d 446, 250 N.E.2d 149 (1969); North Carolina v. Anderson, 275 N.C. 168, 166 S.E. 2d 49 (1969); New Jersey v. Krammes, 105 N.J.Super. 345, 252 A.2d 223 (1969); North Dakota v. Odegaard, 165 N.W.2d 677 (N.D.1969); Ohio v. Craig, 19 Ohio App.2d 29, 249 N.E.2d 75 (1969); Oregon v. Fetterly, 456 P.2d 996 (Ore. 1969); Arutanoff v. Metro Government of Nashville and Davidson County, 448 S.W.2d 408 (Tenn.1969); Ex parte Smith, 441 S.W.2d 544 (Tex.Cr.App. 1969); Vermont v. Salomon, 260 A.2d 377 (Vt.1969); Washington v. Laitinen, 459 P.2d 789 (Wash.1969); Bisenius v. Karns, 42 Wis.2d 42, 165 N.W.2d 377 (1969); Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1969); Com. v. Howie, 238 N.E.2d 373 (Mass. 1968); North Carolina v. Anderson, 3 N.C.App. 124, 164 S.E.2d 48 (1968); New Jersey v. Mele, 103 N.J.Super. 353 247 A.2d 176 (1968); People v. Newhouse, 55 Misc.2d 1064, 287 N.Y.S.2d 713 (City Ct.1968); People v. Carmichael, 56 Misc.2d 388, 288 N.Y.S.2d 931 (County Ct.1968), rev'ing 53 Misc.2d 584, 279 N.Y.S.2d 272 (Sp.Sess.1967); People v. Bielmeyer, 54 Misc.2d 466, 282 N.Y.S.2d 797 (City Ct.1967).

## CONCLUSION

■ Florida Statute § 317.981 is not legislation beyond the purview of the State's police power; the requirement that motorcyclists wear both crash helmets and safety goggles is for the health, safety and welfare of the public. It is in the public interest to have a healthy, whole citizenry. It is certainly in the public interest to make the already hazardous and crowded highways as safe as possible.

A flying object could easily strike the bareheaded cyclist and cause him to lose control of his vehicle. The wind or an insect flying into the cyclist's eyes could create a hazard to others on the highway.

The helmet and goggle requirement cannot be said to be an unreasonable exercise of the State's police power.

Having considered this cause on its merits, and finding that the complaint fails to state a claim which challenges the validity of the statute in question, it is thereupon

Ordered and adjudged that defendants' motions to dismiss are granted and the complaint is hereby dismissed with prejudice and at the cost of the plaintiffs.