Ronald E. **KAY**, Plaintiff,

v.

**THE FLORIDA BAR**, Defendant.

Civ. No. 71-64.

United States District Court,
S. D. Florida.

Jan. 26, 1971.

Louis M. Jepeway, Jr., Miami, Fla., for plaintiff.

Patrick Podsaid, Miami, Fla., for defendant.

### ORDER

KING, District Judge.

After due notice to all parties this cause was heard upon Plaintiff's Complaint seeking declaratory and injunctive relief under 42 U.S.C. Section 1983, 28 U.S.C. Sections 1651, 2201 and 2202 and upon Defendant's Motion to Dismiss for lack of jurisdiction.

Plaintiff, a member of The Florida Bar, asserts that he is about to be disbarred pursuant to an Order entered by the Board of Governors of The Florida Bar, which Order was affirmed by the Supreme Court of Florida in The Florida Bar v. Kay, 232 So.2d 378 (Fla. 1970). Certiorari was denied by the Supreme Court of the United States, Kay v. Florida Bar, 400 U.S. 956, 91 S.Ct. 352, 27 L.Ed.2d 264 (1970).

It has been established to the satisfaction of this Court that the Plaintiff is submitting here the same federal claims previously litigated by him in the Supreme Court of Florida. Those claims were submitted by Plaintiff freely, voluntarily and without reservation, and were decided adversely to Plaintiff by the Supreme Court of Florida, with certiorari having been denied by the Supreme Court of the United States.

This case is controlled by England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L. Ed.2d 440 (1965) in which the Court held that:

" * * * if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forgo his right to return to the District Court." 375 U.S. at 419, 84 S. Ct. at 467.

Similarly, the United States Fifth Circuit Court of Appeals has ruled that if a litigant chooses to present his federal claims to a State Court for adjudication, he deprives a Federal District Court of jurisdiction subsequently to adjudicate those same claims. Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969); Paul v. Dade County, 419 F.2d 10 (5th Cir. 1969). And this rule applies even if Plaintiff did not initially select the State Court as a forum. Eitel v. Faircloth, 311 F.Supp. 1160 (S.D.Fla. 1970).

Moreover, a Federal District Court lacks the authority to review by way of appeal the decisions of State Courts, Atlantic Coastline Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

Therefore, this Court finds that it lacks jurisdiction over the subject matter of the cause, and the Complaint herein is dismissed with prejudice for want of jurisdiction.

Ordered and adjudged that the Complaint herein be and the same is hereby dismissed with prejudice.