Harold C. MAURICE et al.

v.

**BOARD OF DIRECTORS, etc., et al.**

Civ. A. No. 77–0536–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 8, 1977.

Richard R. Ryder, Richmond, Va., for plaintiffs.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

On 1 September 1977 the Supreme Court of Virginia ordered that Harold C. Maurice be removed from the office of Judge of the City of Richmond General District Court. The record in this case does not disclose whether Maurice has sought or is seeking a review of that judgment in the Supreme Court of the United States. On 13 September 1977 Maurice and Gladys Maurice, his wife, filed a bill in the Circuit Court of the City of Richmond seeking to prevent the directors of the Virginia Supplemental Retirement System (VSRS) from removing the plaintiffs from the rolls of the Virginia Supplemental Retirement System. On 14 September 1977 that Court denied plaintiffs' motion for a temporary injunction and continued the case on the docket for further proceedings.

On 15 September 1977 plaintiffs filed the present action, seeking an injunction restraining the directors of the VSRS from removing plaintiffs from the rolls of those persons entitled to receive retirement benefits under the VSRS. Because it appears that this Court is without subject-matter jurisdiction over this complaint, the action must be dismissed. Fed.R.Civ.P. 12(h)(3).

In his dissent in *Konigsberg v. State Bar of California,* 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957), Justice Frankfurter said:

Insistence on establishment of the Court's jurisdiction is too often treated, with slighting intent, as a "technicality." In truth, due regard for the requirements of the conditions that alone give this Court power to review the judgment of the highest court of a State is a matter of deep importance to the working of our federalism. The admonition uttered a hundred years ago by Benjamin R. Curtis, one of the ablest Justices who ever sat on this Court, cannot be too often repeated: "Let it be remembered, also,— for just now we may be in some danger of forgetting it,—that questions of jurisdiction were questions of power as between the United States and the several states." 2 Memoir of Curtis 340–341. The importance of keeping within the limits of federal jurisdiction was emphasized in the opinion of Mr. Justice Stone, for a unanimous Court in *Healy v. Ratta,* 292 U.S. 263, 54 S.Ct. 500, 78 L.Ed. 1248: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute ['the action of Congress in conformity to the judiciary sections of the Constitution'] has defined." [353 U.S. at 274, 77 S.Ct. at 734.]

*See Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 5 L.Ed. 257 (1821); *but see Richardson v. McFadden,* 563 F.2d 1130, 1131 (4th Cir. 1977).

In the present case, plaintiff seeks to enjoin the termination of his pension rights. He advances as grounds for this result the contention that the statute under which he was removed from office is in violation of the federal Constitution, and that his Due Process rights were violated in the proceedings that resulted in his removal from office.

It is true that plaintiff does not challenge in the present action the judgment of the Supreme Court of Virginia removing him from office. Indeed, none of the defendants before the Court in this action could return the plaintiff to office in any case. Nevertheless, the Court is of the opinion that this action calls for a review of the judgment of the Virginia Supreme Court in *Judicial Inquiry and Review Commission v. Maurice,* No. 770472 (Va. September 1, 1977).

There are three reasons why the Court has reached this conclusion. First, the provision that judges removed from office shall lose their pension is an integral part of Virginia's system of disciplining its judges. The provision appears in the same paragraph of the Virginia Constitution that gives the Virginia Supreme Court power to remove a judge from office. It is not an incidental or collateral consequence of the removal process, but is one of the intended, conscious purposes of the removal of a judge. To interfere with that result would be tantamount to vacating the judgment of the Virginia Supreme Court in an integral and important part thereof, even though that judgment made no reference to the pension.

Second, as the dissenters in the Virginia Supreme Court observed, the loss of pension benefits was the sole practical effect of the Court's judgment. Maurice had already retired from the bench at the time of his removal and could only return to judicial duties if recalled for such duties Va. Code § 51–178. It is, as the dissenters also observed, extremely unlikely that Maurice would ever be recalled to judicial duty. Therefore, an order preventing the termination of Maurice's pension rights would render the judgment of the Virginia Supreme Court substantially without effect.

Finally, plaintiff admits in his complaint that he raised the issue of the constitutionality of the statutes which establish the Judicial Inquiry and Review Commission before the Virginia Supreme Court. The judgment of the Virginia Supreme Court removing plaintiff from office upheld the statutes despite the fact that the constitutional issue was not discussed in the Court's opinion. *Grubb v. Public Utilities Comm'n,* 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930); *Tang v. App. Div.,* 487 F.2d 138 (2d Cir. 1973), *cert. den.* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). Thus, it is clear that the Virginia Supreme Court has already ruled unfavorably to plaintiff on the claims he is advancing here, and that plaintiff is in reality seeking review in this Court of that unfavorable judgment.

The fact that Gladys Maurice is a party plaintiff to this action and was not a party to the disciplinary proceeding is of no moment. Her interest is entirely dependent upon the rights of Harold Maurice in the Virginia Judicial Retirement System, Va. Code §§ 51–160 *et seq.* Her rights are coterminous with his, and his are determined by the judgment of the Virginia Supreme Court. Mrs. Maurice's position is analogous to that of the spouse of the holder of a defeasible fee in land. Her rights are automatically destroyed when the estate terminates. Restatement of Property § 54 (1936).

The matter under consideration here is closely analogous to those cases in which attorneys file suit in federal court to challenge the proceedings under which they were disbarred in State court. The State proceedings in such cases are procedurally similar to the present case in that they involve a preliminary investigation by a disciplinary committee followed by a judgment in the highest court of a State. The disbarment cases are also similar to the

present case in that they involve discipline of court officers, attorneys, a matter very close to the heart of State sovereignty. The analogy is a close and compelling one.

Three Circuits, the Eighth, Ninth and Tenth, have held that the district court has no jurisdiction to review the decision of the highest court in a State suspending or disbarring an attorney. *MacKay v. Nesbett,* 412 F.2d 846 (9th Cir. 1969), *cert. den.* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969); *Jones v. Hulse,* 391 F.2d 198 (8th Cir. 1968), *cert. den.* 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968); *Gately v. Sutton,* 310 F.2d 107 (10th Cir. 1962).

*Jones v. Hulse* is typical of these cases. Jones had been denied review of the State Supreme Court disbarment order by the Supreme Court of the United States. Jones then brought suit in a federal district court against the Clerk of the Supreme Court of Missouri and certain bar committees to enjoin the enforcement of an order of the Missouri Supreme Court suspending him from the practice of law. His complaint in the district court alleged that the proceedings resulting in his suspension violated his rights under the federal Constitution. The district court granted defendants' motion to dismiss on the grounds that it lacked jurisdiction over the subject-matter of the complaint.

The Eighth Circuit affirmed, citing the Supreme Court cases of *Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917); *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957); and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). *Selling* and *Theard* deal, respectively, with the effect of a State disbarment on membership in the Supreme Court bar and the effect of a State disbarment on membership in the bar of a federal district court. Thus, neither *Selling* nor *Theard* are direct authority for the Eighth Circuit holding that federal district courts are without jurisdiction to review State bar disciplinary proceedings. There is in each case language that suggests that federal review of State court disbarments should be limited,[1] but no issues of comity, *res judicata,* or subject matter jurisdiction were raised in either *Selling* or *Theard.*

*Rooker* involved a bill in equity filed in federal district court to have an Indiana judgment set aside on grounds that the judgment was rendered in contravention of the federal Constitution in that it gave effect to a State statute alleged to be in violation of the Constitution. The judgment challenged in federal court had been affirmed by the Supreme Court of Indiana and the United States Supreme Court had declined to review the judgment on writ of error. The district court dismissed the action for want of jurisdiction, and the Supreme Court affirmed, saying:

"If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. [Citations omitted] Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. . . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." [263 U.S. at 415, 44 S.Ct. at 150.]

The case presented in *Rooker* is indistinguishable from the present case. The judgment of the Supreme Court of Virginia is not subject to review by this Court. Therefore, the Court must dismiss this action because it lacks jurisdiction to consider plaintiffs' claims. *Smiley v. State of South Dakota,* 551 F.2d 774 (8th Cir. 1977); *Paul v. Dade Cty.,* 419 F.2d 10 (5th Cir. 1969),

---

1. 354 U.S. at 281, 77 S.Ct. 1274; 243 U.S. at 50–51, 37 S.Ct. 377.

cert. den. 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed.2d 686 (1970); see Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

These cases are dispositive of the jurisdictional question. There are, in addition, two other lines of cases that support the Court's view that Maurice is not entitled to relitigate in this Court questions which have already been decided by the State court. One of these springs from England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1965).

In England the plaintiffs had presented their claims initially to federal court where they were met by abstention of the type found in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1942). Plaintiffs then proceeded in State court to litigate not only the State law issues but also the federal constitutional issues. After losing in State court, the plaintiffs returned to federal district court where their action had been stayed pending State court resolution of State law in accordance with the Pullman doctrine. The district court dismissed the action, on grounds that because it had no power to review State court proceedings the resolution of the federal issues by the State court left the district court without jurisdiction. The Supreme Court held that in order to avoid this result, a litigant must expressly reserve his federal issues on the State court record.

In Kay v. Florida Bar, 323 F.Supp. 1149 (S.D.Fla.1971) the England principle was applied to a suit challenging a Florida disbarment proceeding. The district court dismissed for lack of jurisdiction, noting that England was fully applicable even though the federal plaintiff had asserted his federal claims as a defendant in the original State court proceeding. 323 F.Supp. at 1149. See Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969), cert. den. 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970); Eitel v. Faircloth, 311 F.Supp. 1160 (S.D.Fla.1970), aff'd sub. nom. Miller v. Faircloth, 436 F.2d 1080 (5th Cir. 1971). Contra, Lavasek v. White, 339 F.2d 861 (10th Cir. 1965); Atkins v. School Board, 379 F.Supp. 1060 (W.D.Va. 1974) (dictum), aff'd without opinion 511 F.2d 1398 (4th Cir. 1975).

A second line of cases denying federal court review of questions decided in State court is based on an application of the doctrine of res judicata and springs from Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) and includes such cases as Turco v. Monroe Cty. Bar Ass'n, 554 F.2d 515 (2d Cir. 1977); Tang v. App. Div., supra, and Roy v. Jones, 484 F.2d 96 (3d Cir. 1973).

In Roy v. Jones a group of justices of the peace of the Commonwealth of Pennsylvania were temporarily suspended from office by the Supreme Court of Pennsylvania for violations of the rules of conduct. The suspended justices of the peace petitioned the Court to reconsider its suspension order but their petition was denied. No review in the United States Supreme Court was sought.

Instead, plaintiffs filed an original action in the federal district court. The district court held that abstention was appropriate, citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Court of Appeals affirmed, but did so on grounds that the doctrine of res judicata precluded relitigation in federal court of matters conclusively determined in State court.

The Court in Roy v. Jones discusses the Rooker line of cases in a footnote to its opinion. 484 F.2d at 99, fn. 11. It is clear from that discussion that the rationale of Rooker, Paul v. Dade Cty., supra, and MacKay v. Nesbett, supra, would require the same result the Circuit Court reached on res judicata grounds. The Rooker jurisdictional ground, however, affects the court's power to adjudicate any issue at all, while a res judicata bar merely states a ground of dismissal based upon policy. Where power in the court to adjudicate is lacking, no judicial policy however compelling is of any account.

The Court has found only one case which appears contrary to the view that a federal district court may not entertain an action to review an attorney disciplinary proceeding

where the federal questions involved were presented to the State court and decided by the State court. That case is the recent Sixth Circuit case of *Getty v. Reed,* 547 F.2d 971 (6th Cir. 1977). However, a careful analysis of *Getty* reveals that its holding is extremely narrow and does not contradict the view held by this Court.

In *Getty,* the plaintiffs challenged the validity of State statutes dealing with disbarment of attorneys and requested that a three-judge district court be impanelled to hear their claims. The district judge declined to seek the impaneling of a three-judge court and dismissed the complaint for want of subject matter jurisdiction. In so doing, the district judge relied upon *Ginger v. Circuit Court for County of Wayne,* 372 F.2d 621 (6th Cir. 1967), *cert. den.* 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967) and *Coogan v. Cincinnati Bar Ass'n,* 431 F.2d 1209 (6th Cir. 1970).

*Ginger* states a rule that federal courts have no jurisdiction to review an order of a State court disbarring an attorney in that State for misconduct and that federal review of such orders must be had through petition for certiorari to the United States Supreme Court. In *Coogan* the Sixth Circuit affirmed the district court's dismissal of a suit challenging an Ohio Supreme Court order suspending plaintiff from the practice of law on grounds that the judgment of the Ohio court was *res judicata.* The district court also relied upon *Rooker, Jones v. Hulse, Gately v. Sutton* and *Paul v. Dade Cty., supra.*

The Court of Appeals in *Getty* held that "we cannot decide these cases on lack of jurisdiction." 547 F.2d at 976. The court distinguished *Ginger* and *Coogan* because those cases did not involve a challenge to a State statute or a three-judge court issue.

The court was careful to point out that the issues before it on appeal were narrow procedural ones under the three-judge court statute. The discussion in *Getty* appears to go no farther than to hold that the jurisdictional issue was not so clear as to be determinable by the district judge without consideration by a three-judge court. The court of appeals went on to hold that the plaintiffs' due process claims were so insubstantial as not to require that a three-judge court be convened.

This Court is of the opinion that *Getty* does not hold that district courts have jurisdiction over claims such as the ones presented by Maurice in the present suit. Although Maurice asks that a three-judge court be convened to hear his claims, this practice is no longer either authorized or required by statute, and no three-judge court issues are present here. The fact that the question is sufficiently in doubt to preclude resolution by a single district judge in the context of the three-judge court procedure does nothing to aid this Court in resolving its jurisdictional questions.

Discipline of a State judge is a matter of great State concern, touching as it does the very essence of State sovereignty.[2] The proper forum for federal review of these proceedings is the United States Supreme Court on appeal or by writ of certiorari, whichever is appropriate. Whatever may be the merits of the claims on such an appeal, this Court is without jurisdiction to consider the matter. Accordingly, this action must be dismissed.

An appropriate order has issued.

2.  This Court is disturbed by the apparent lack of diligence shown by the Office of the Attorney General of the Commonwealth of Virginia in the defense of this suit. Despite the fact that authority for the proposition upon which this Court has based its decision is abundant, the Court was not directed to it by the Attorney General but raised the issue *sua sponte.* The Attorney General did file an extensive brief in support of a motion to dismiss on *Younger v. Harris* abstention grounds, however, and this may have consumed all of his attention at this stage in the proceeding. What disturbs the Court is that after discovering that a potential jurisdictional question existed, the Court sent a letter to counsel for both parties directing counsel's attention to the problem and citing *Jones v. Hulse, supra.* Counsel for plaintiff responded with a letter which attempted to distinguish *Jones v. Hulse.* No response whatsoever was received from the Attorney General.