A. W. BARRS, *Appellant* v. J. E. PEACOCK, *et al., Appellees.*

Opinion Filed January 28, 1913.

Where on appeal it appears that under no circumstances can the relief prayed be made effective, because the event with ref-

erence to which the relief is sought has taken place, the appeal may be dismissed by the court of its own motion.

Appealed from the Circuit Court for Duval County.

Appeal dismissed.

*A.,H. King,* for Appellant;

*Harwick & Jennings,* for Appellees.

WHITFIELD, J.—On October 8th, 1912, A. W. Barrs filed a bill complaint in which it is alleged that he and J. E. Peacock were candidates for nomination for the office of County Treasurer of Duval County, Florida, in a primary election held in April, 1912; that though Peacock had received a majority of the votes cast at the primary election, he had violated the provisions of the statute which declares that a candidate for office shall not "donate, contribute or give away, or promise or agree to do so, ............................ any money ............................ or any other thing of value to any person, association or corporation in an attempt to directly or indirectly influence any person's vote," by making promises to give to the public schools of the County the commissions that will be due him as County Treasurer if elected, and that Peacock therefore was subject to the provision of the statute that any person who violates the statute "shall not be allowed to have his name printed on the official ballot at the next ensuing general election." The prayer is that the canvassing board of the primary election be enjoined from certifying the name of Peacock to the County Commissioners as the person nominated for the office of County Treasurer; that such canvassing board be enjoined

from refusing to certify complainant's name, but shall certify to the County Commissioners the name of complainant as the nominee; that the County Commissioners be enjoined from printing Peacock's name and be enjoined from refusing to print complainant's name on the official ballot at the ensuing general election. The defendants demurred. The defendant executive committee pleaded in effect that their predecessors constituted the canvassing board mentioned in the bill of complaint, and that the present executive committee had no duty to perform in the premises. Peacock also answered controverting many of the material allegations of the bill of complaint, and averred that no contest or protest was made or filed by the plaintiff or any other person against the nomination of the defendant, and the former executive committee duly certified defendant's name as a nominated candidate and directed the proper officer of said committee to acknowledge and file the same with the County Commissioners. The court on October 14, 1912, sustained the demurrers and denied the injunction On October 16, the complainant took an appeal returnable November 18, 1912.

The general election with reference to which the injunction was sought occured November 5, 1912. The cause was submitted to this court on briefs in December, 1912, and the oral argument that had been requested was waived in January, 1913.

As it clearly appears from the transcript that the election with reference to which the relief was sought had taken place before the return day of the appeal, and that consequently under no circumstances can the relief prayed be made effective, the court might dismiss the appeal even though there is no motion to dismiss. And although the election having been held, the relief prayed

cannot be given, the court might retain the cause for determination upon its merits where matters of general public importance are involved in the construction of statutes or in defining public rights and duties, yet in this case such retention is not proper for the reason that as complainant has not shown that he applied to the County executive committee for appropriate relief as contemplated by the statutes regulating such subjects, he does not present a case where equity should interfere to construe a statute or to define and enforce public duties thereunder in matters relating to elections, there being no statute authorizing equitable cognizance of such matters.

The appeal is dismissed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., takes no part.