PER CURIAM.
Appellant, plaintiff, sought to enjoin the-appellee from holding a special election on. June 25, 1963 to fill a vacancy on the city council.
The appellee had passed two ordinances specifying the time within which a candidate-was required to qualify prior to the election.. One ordinance stated generally that qualification was allowed up to thirty days prior to the election; the other specified that a candidate had until May 24, 1963 within-which to qualify, i. e., thirty-one days prior to the election. Appellant alleged that he presented himself at the city hall on May 25, 1963 for the purpose of qualifying as a candidate but was improperly denied such right.
This interlocutory appeal was taken from an order denying appellant’s application for a temporary injunction. The appealed order also denied appellee’s motion to quash the sheriff’s service of process. Appellee filed cross assignments of error with regard to that portion of the order.
Inasmuch as the election sought to be enjoined has already been held, the issues presented by this appeal have become moot.[1] *183 Accordingly, this appeal should'be and is ■dismissed on our own motion without prejudice to the right of the appellant to pursue such other action for relief as he may be .advised.
Appeal dismissed.

. See: Tyler v. Peacock, 98 Fla. 981, 124 So. 463; Barrs v. Peacock, 65 Fla. 12, 61 So. 118; Coursen v. City of South Daytona, Fla.App.1961, 127 So.2d 905.