202 So.2d 833 (1967)
Nishan PAUL, Appellant,
v.
DADE COUNTY, Florida, a Political Subdivision of the State of Florida et al., Appellees.
No. 66-1088.
District Court of Appeal of Florida, Third District.
October 3, 1967.
*834 Hollander & Pestcoe, Miami, for appellant.
Thomas C. Britton, County Atty. and St. Julien P. Rosemond, Asst. County Atty., for appellees.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
Nishan Paul, plaintiff below, appeals from an adverse final decree by a chancellor of the Circuit Court of Dade County, Florida.
The plaintiff, Paul, filed his complaint for declaratory decree and other relief against the defendant, Dade County, Florida, and alleged, inter alia, that the County Commission of Dade County had appropriated tax derived funds from the general revenue for the purpose of erecting and maintaining a religious symbol, a cross, on a public building, the Dade County Courthouse, during the month of December, 1966. He alleged that he was a non-Christian and that the cross, as a religious symbol displayed on public property, constituted the establishment of religion in violation of the First and Fourteenth Amendments to the United States Constitution as well as the Florida Constitution.
The answer of the County generally denied the allegations of the complaint, but admitted that since 1955 a Latin cross, made by a string of lights and lighted only at night, had been placed on the south side of the courthouse during the Christmas season. It alleged that the cross was part of the Christmas decorations placed on the courthouse and was used as a yule season decoration to wish the community well being, happiness and peace. It admitted that the form of a Latin cross can be used as a religious symbol, but alleged that it also had secular connotations and that the Latin cross on the courthouse had a secular connotation as a yule season decoration.
The answer was filed on November 14, 1966; a final hearing was held on November 15, 1966, and the final decree herein appealed was rendered on November 28, 1966.
The acts which were sought to be enjoined were completed during the Christmas season of 1966. The record on appeal does not contain evidence of any public funds being appropriated for this purpose for the Christmas *835 season of 1967, and it would appear that this cause might be moot.
The County Attorney has suggested in oral argument that the cause was moot, but requested the court to consider and decide the question involved because of the general public interest and importance of this matter. We have therefore decided to consider the questions involved herein. See Dehoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943); Barrs v. Peacock, 65 Fla. 12, 61 So. 118 (1913), and Ervin v. Capitol Weekly Post, Inc., Fla. 1957, 97 So.2d 464.
The evidence reflects that this cross, together with other lights and decorations, was originally placed on the courthouse of Dade County, Florida at the request of members of the Miami Chamber of Commerce around 1955. This was done in order to help decorate the streets of Miami and attract holiday shoppers to the downtown area, rather than to establish or create a religious symbol, or to promote or establish a religion.
There was sufficient evidence in the record to justify the finding of the chancellor that the money for the erection, maintenance and removal of the lights for the Latin cross had been donated by private persons for the year 1966 and that there would be no public funds used in connection therewith.
Notwithstanding this, the appellant argues that even if public funds were not used in the erection, maintenance and removal of the lighted cross, his constitutional rights have been violated by the erection of a religious symbol on the side of a public building, the Dade County Courthouse, which his taxes help to support.
The applicable constitutional criterion, as we divine it, is that set forth by the United States Supreme Court in Abington Tp. School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963):
"* * * The test may be stated as follows: what are the purpose and the primary effect of the enactment? If either is the advancement or inhibition of religion then the enactment exceeds the scope of legislative power as circumscribed by the Constitution. That is to say that to withstand the strictures of the Establishment Clause there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion. Everson v. Board of Education, [330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711, 168 A.L.R. 1392, supra;] McGowan v. Maryland, supra, 366 U.S. 420 at 442, 81 S.Ct. [1101] at 1113-1114, 6 L.Ed.2d 393." Id. at 374 U.S. 222, 83 S.Ct. 1571.
It has also been observed that many symbols, though religious in origin, have ceased to have religious meanings or have also acquired secular meanings. See Abington Tp. School District v. Schempp, supra. For example, the dove, the star, the fish, and three interwined rings have all had, or presently may have, some religious symbolism attached thereto. On the other hand, some have also acquired certain secular meanings.
The record does not indicate that this temporary string of lights forming a cross was used to support, aid, maintain or establish any religion or religious edifices. Its purpose was not to promote the participation by anyone in the affairs of any religious organizations or sect.
Consequently, we hold that under the Schempp test, this does not amount to the establishment of a religion in violation of the First Amendment, and that it does not amount to a religious activity, controlled, supported or influenced by the government as was found to exist in Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962). See also: State ex rel. Singelmann v. Morrison, 1952 La. App., 57 So.2d 238.
For these reasons, the final decree is
Affirmed.