**Nishan PAUL and Irma Feder, Plaintiffs-Appellants,**

**v.**

**DADE COUNTY, FLORIDA, Etc., et al., Defendants-Appellees.**

**No. 27354.**

United States Court of Appeals
Fifth Circuit.
Nov. 26, 1969.

Howard J. Hollander, Hollander & Pestcoe, Miami, Fla., for appellants.

Thomas C. Britton, Dade County Atty., St. Julien P. Rosemond, Asst. County Atty., Miami, Fla., for appellees.

Before GOLDBERG, DYER and CARSWELL, Circuit Judges.

DYER, Circuit Judge:

Plaintiffs appeal from an order dismissing their complaint for lack of a statutory basis of jurisdiction. We affirm the dismissal, but for a different reason than that given by the District Court.

The complaint sought a declaration that a Latin cross erected each December on the Dade County, Florida, Courthouse, with the sanction of the county government, violates the establishment of religion and freedom of religion clauses of the first amendment to the United States Constitution. Defendants moved to dismiss in the trial court for failure to state a claim upon which relief could be granted and for lack of plaintiffs' standing to sue. The District

Judge dismissed the complaint on the ground that it failed to reveal "a specific statutory grant of [district court] jurisdiction." On appeal the plaintiffs urged that jurisdiction is specifically conferred by 28 U.S.C.A. § 1343(3), which gives district courts jurisdiction of an action to redress the deprivation, under color of state law or custom, of any right, privilege or immunity guaranteed by the Constitution. Plaintiffs are correct in their contention that this section confers jurisdiction and that it is not necessary for them to allege in their complaint that jurisdiction rests upon any particular statute. Beeler v. United States, 3 Cir. 1964, 338 F.2d 687; Newberry v. Central of Georgia Railway Company, 5 Cir. 1921, 276 F. 337, 341, cert. denied, 257 U.S. 662, 42 S.Ct. 270, 66 L.Ed. 423.

■ However, it appeared during the course of the appeal that plaintiff Paul had previously litigated the same questions in the Florida state courts that he raises in the complaint in the instant case. We recently held in Brown v. Chastain, 5 Cir. 1969, 416 F.2d 1012 that a federal district court has no jurisdiction to determine constitutional issues already submitted to and determined by a state court. In accordance with our duty to raise the question of lack of federal jurisdiction at any time it appears, whether in the trial or appellate stage, we requested briefs on our own motion on the issue whether federal district court jurisdiction was foreclosed by virtue of the prior state action. Lowry v. International Brotherhood of Boilermakers, etc., 5 Cir. 1958, 259 F.2d 568; see Vorachek v. United States, 8 Cir. 1964, 337 F.2d 797; Rock Island Millwork Company v. Hedges-Gough Lumber Company, 8 Cir. 1964, 337 F.2d 24.

■ Paul v. Dade County, Fla.Ct. App.1967, 202 So.2d 833, cert. denied, Fla., 207 So.2d 690, cert. denied, 390 U.S. 1041, 88 S.Ct. 1636, 20 L.Ed.2d 304 is the prior state case and, while it was not made part of the record on this appeal, we may, of course, take judicial notice of it, see New York Indians v. United States, 1898, 170 U.S. 1, 32, 18 S.Ct. 531, 42 L.Ed. 927; Lambert v. Conrad, 9 Cir. 1962, 308 F.2d 571; Saint Paul Fire & Marine Insurance Company v. Cunningham, 9 Cir. 1958, 257 F.2d 731; Ayers v. Hartford Accident & Indemnity Company, 5 Cir. 1939, 106 F.2d 958; and of the pleadings therein, Zahn v. Transamerica Corporation, 3 Cir. 1947, 162 F.2d 36, 48 (n. 20), 172 A.L.R. 495.

■ The record in the state case reveals that Nishan Paul, individually, sued Dade County, acting through its named Board of County Commissioners. In the instant case, Irma Feder joined Paul as a plaintiff and they named Dade County, acting through its named Board of County Commissioners, and the County Manager as defendants. Neither the addition of Irma Feder as a plaintiff nor that of the County Manager as a defendant can confer jurisdiction if it would otherwise be lacking. See Rooker v. Fidelity Trust Company, 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362, cf. Hanna v. Home Insurance Company, 5 Cir. 1960, 281 F.2d 298, cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747.

The complaint in the state action alleged, as does the one in the case *sub judice,* that the erection of the Latin cross on the courthouse constitutes an establishment of religion and violates plaintiff's freedom of religion. The opinion of the Third District Court of Appeal of Florida reveals that Paul made the same argument there that he seeks to make in federal court, *viz.,* that his rights are violated even if no public funds are used to erect, maintain and remove the cross because there is a governmentally sanctioned erection of a religious symbol on a public courthouse which his taxes help to support. The Third District Court found that there was sufficient evidence to support the finding that the cross was not erected to create a religious symbol or to promote or establish a religion. The court went on to hold that there was no first amend-

ment violation because there was no establishment of religion and no religious activity controlled, supported or influenced by the government.

■ It is thus clear that the constitutional issues sought to be raised here were raised and determined in the prior state action. Accordingly, the District Court lacks jurisdiction to reconsider them under our holding in Brown v. Chastain, *supra*.

■ Plaintiffs attempt to distinguish *Chastain* on the ground that there no review by the United States Supreme Court was sought in the prior state action, while here certiorari was sought and denied in the prior state case. This is an irrelevant distinction because it is clear that Supreme Court or other appellate review had nothing to do with the jurisdictional question decided in *Chastain*. We noted there that the Court in Rooker v. Fidelity Trust Company, *supra,* which involved a bill in equity to declare a prior state judgment null and void, held that because federal district courts do not possess appellate jurisdiction, they have no jurisdiction of actions "to reverse or modify" state court judgments. In Brown v. Chastain we said that presentation to the federal court of the same constitutional questions already passed upon by the state court is "a form of direct federal district court review of the state decisions," even though no declaration of the invalidity of the state judgment was sought as in *Rooker.* *Chastain* holds in effect that the district court is patently without jurisdiction to engage in such a review because that review would be tantamount to an attempt "to reverse or modify" a state judgment, which *Rooker* proscribes. *Chastain* does nothing more than this. It does not qualify the meaning of the phrase "state court judgments;" whether or not Supreme Court review is sought is immaterial in determining if the federal suit is an attempt to review a "state decision." A federal district court is without jurisdiction to hear federal constitutional claims already litigated in state courts when, as here, there is already a final, appealable judgment by a state court at the time the federal suit is instituted.

Affirmed.