Kathleen CARTER et al.

v.

CITY OF FORT WORTH et al.

CA 4-1541.

United States District Court,
N. D. Texas,
Fort Worth Division.

June 30, 1971.

XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, XXXVII, XXXIX, XL.

Don Gladden, Fort Worth, Tex., for plaintiffs.

S. G. Johndroe, City Atty., Fort Worth, Tex., for the City of Fort Worth.

Robert Davis, Atty. Gen.'s Office, Austin, Tex., for the State.

## MEMORANDUM ON MOTIONS TO DISMISS

BREWSTER, Chief Judge.

The plaintiffs, Kathleen Carter, Rita Parrish, Cecilia Stephens, Charles Ellis Dreyfus, Theresa Ludvigson and George Armstrong, brought this action against the City of Fort Worth, its City Secretary (R. A. Bateman) and its Mayor (R. M. Stovall), and the Attorney General of the State of Texas (Crawford Martin) seeking to enjoin a city bond election and the certification of any bonds voted therein. The plaintiffs based their suit upon the claim that the provisions of the Texas Constitution (Art. 6, Secs. 3 and 3a, Vernon's Ann.St.) and of the Texas statutes (Arts. 5.03, 5.04 and 5.07 of the Texas Election Code, V.A.T.S.) under which such election was to be held violated the Equal Protection Clause of the Federal Constitution. The effect of those provisions was to limit the vote in elections on tax-supported[1] bond issues to qualified electors owning property rendered for taxation in the political subdivision proposing the bond issue.

The plaintiffs claim that the Court has jurisdiction under 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983.

The bond election in question was a purely local one held for the purpose of determining whether or not the Fort Worth City Council should be authorized to issue the following five types of general obligation tax-supported bonds in the future: Street Improvement, Fire Protection, Park and Recreation, Airport, and Sewage Disposal Plant.

This suit was filed at about 5:00 P.M. on August 31, 1970, and the bond election had theretofore been set by the City Council for September 8, 1970. At a conference held on September 3, 1970, between the author of this memorandum and the respective counsel for each of the parties, it was recognized by all present that it was "impossible to assemble a three-judge court and hold a meaningful hearing before the present bond election scheduled on September 8, 1970, as the Attorney General was entitled to five days notice and he has not yet made his appearance herein." See Memorandum Order of September 3, 1970. As shown by that order, the plaintiffs stated that they did not insist on their request for temporary injunction to stop the election itself, as they felt that their claims would not become moot by reason of the election. Their contentions could be pursued under their request that the certification of the bonds be enjoined. With consent of all parties, the order directed that the bond election proceed as scheduled on Septem-

---

1. As opposed to revenue bonds to be paid out of income from the project constructed or improved by money derived from the sale of such bonds.

ber 8, 1970. Thereafter, a three-judge court was constituted, and it met in Fort Worth for the purpose of holding a trial of this case. At such hearing, after considering the briefs and oral arguments, that court held that it had no jurisdiction and remanded the case to the resident judge for appropriate action on the defendants' motions to dismiss.

The basis for the action of the three-judge court was that these plaintiffs had litigated this same issue in Cause No. 57283–C, Kathleen Carter, et al. v. Fort Worth Independent School District and the City of Fort Worth, in the District Court of Tarrant County, Texas, 141st Judicial District. Brown v. Chastain, 5 Cir., 416 F.2d 1012 (1969); Paul v. Dade County, Florida, 5 Cir., 419 F.2d 10 (1969). The defendants' motion to dismiss now before the resident judge for action is predicated upon the same ground.

The plaintiffs in the state court action are the same as the plaintiffs in the case now before this Court. The defendants in the state court suit were the City of Fort Worth and the Fort Worth Independent School District, whereas the City of Fort Worth, two of its officers, and the Attorney General of Texas[2] are defendants in the case here. The reason for the two political subdivision defendants in the state court was that the plaintiffs were challenging an election on a school bond issue as well as one on city bonds. However, the city bond election there involved was the same as the one here. The grounds for attacking the validity of each of the bond elections were the same as those urged in the present case.

On June 12, 1970, the state court held a hearing on the respective motions for summary judgment filed by the plaintiffs, the Fort Worth Independent School District and the City of Fort Worth. At the conclusion of the hear-ing, the matter was taken under advisement. On August 25, 1970, the state court judge sent the attorneys[3] in that case a letter saying in part:

"After careful consideration and study, the Court is of the opinion that the Plaintiffs' Motion for Summary Judgment should be, and is hereby overruled, and that the Defendants' Motions for Summary Judgment should be and they are hereby sustained."

Judgment was entered on September 2, 1970, in accordance with such pronouncement. The plaintiffs gave notice of appeal, but later abandoned their appeal after filing the present case in the federal court on August 31, 1970.

The following language from Judge Dyer's opinion in Brown v. Chastain, supra, at p. 1013, is pertinent here:

"It is obvious from the complaint and the requested relief that the appellants are here attempting to relitigate their federal constitutional claims by obtaining a form of direct federal district court review of the state decisions. . . ."

". . . . If the [state court] decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellant proceeding. . . ."

". . . [F]ederal courts most assuredly do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts."

The plaintiffs here chose the state court as the forum to litigate the very issue they are now presenting to this Court. After having had their day in court, they want to re-litigate their case here.

---

2. There is no state statute requiring the Attorney General to be made a party to a case of this kind.

3. The respective attorneys for the plaintiffs and the City of Fort Worth in the state court case were the same as the ones for those litigants in the present case.

Both Brown v. Chastain and Paul v. Dade County, supra, held that under circumstances similar to those in this suit, the appropriate action was to dismiss the cases for lack of jurisdiction.

An order will be entered dismissing this case for lack of juriscition, with the costs taxed against the plaintiffs.