Mack CLARK and Maudie M. Clark,
Plaintiffs,

v.

The FIRST NATIONAL BANK OF MI-
AMI, an association organized under
the laws of the United States, Defend-
ant.

No. 73–1011–Civ–JLK.

United States District Court,
S. D. Florida,
Miami Division.

Aug. 17, 1973.

Weintraub, Townsend & Singer by
Sally Weintraub, Miami, Fla., Legal
Services of Greater Miami, Inc. by Rob-
ert A. Bertisch, Miami, Fla., for plain-
tiffs.

McCarthy, Steel, Hector & Davis, by
Norman A. Coll, Miami, Fla., for de-
fendant.

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

JAMES LAWRENCE KING, District
Judge.

This cause came on for consideration
upon the defendant's motion to dismiss
for lack of jurisdiction. The court, hav-
ing considered the record and being ful-
ly advised in the premises, finds and
concludes that the motion must be
granted.

The present action, brought under 42
U.S.C. § 1983, challenges the constitu-
tionality of the Florida self-help repos-
session statutes, Florida Statutes §§
679.9–503, 679.9–504 (1971). It is al-
leged that the Florida laws violate the
Fifth and Fourteenth Amendment Due
Process clauses in that they do not pro-
vide for notice and hearing prior to re-
possession; and, that the plaintiffs did
not voluntarily waive their constitution-
al rights. The plaintiffs seek declarato-
ry relief and damages as well as an in-
junction against a pending state court
civil proceeding.

On February 11, 1971, the plaintiffs,
the Clarks, purchased an automobile
pursuant to an installment sales contract
which was subsequently assigned to the

defendant, the First National Bank of Miami. Following the plaintiffs' default on a payment due April 30, 1972, the defendant repossessed and resold the automobile as provided in Florida Statutes §§ 679.9–503, 679.9–504. The bank then brought suit for the deficiency balance in what was then the Dade County Small Claims Court, and is now the County Court for Dade County. By way of affirmative defense, the Clarks pleaded that the Florida self-help statutes violated the Fifth and Fourteenth Amendment Due Process Clauses, and that they did not voluntarily waive their constitutional rights. These same allegations were incorporated in a counterclaim in which the Clarks sought a declaratory judgment that the statutes are unconstitutional, injunctive relief and compensatory damages. The Clarks subsequently moved to transfer the action to the Circuit Court for Dade County for consideration of the constitutional issues.

After the action was transferred, the bank moved to strike the affirmative defense, and dismiss the counterclaim for failure to state a claim. The state court, having considered both the legal memoranda and oral argument, issued an order dated May 22, 1973, striking the affirmative defense, and dismissing the counterclaim for failure to state a claim with prejudice and without leave to amend. On June 14th, the Clarks filed the present action again challenging the constitutionality of the Florida self-help repossession statutes, and seeking essentially the same relief which they had been denied in the state circuit court. Meanwhile, the action for the deficiency balance is pending in the County Court for Dade County.

In their memoranda, the parties have not contested the appealability of the state court's order of May 22nd. The defendant has pointed out that the order was an appealable judgment and the Clarks have acknowledged that they "did suffer an adverse judgment in the state court."

■■ Moreover, the plaintiffs have not seriously challenged the jurisdiction of the state circuit court. Their only argument is that the state court did not make an express finding as to its jurisdiction. The Clarks' argument, however, overlooks the ordinary presumption that the state court had jurisdiction. *See* Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951). In any event, it appears that the circuit court properly possessed jurisdiction over the Clarks' counterclaim in which they sought a declaration that the Florida self-help statutes are unconstitutional. Fla.Stat. § 86.011 (1971), F.S.A.

Since the present action was commenced after the issuance of the state court's order of May 22, the case seems to fall within the rule of Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969) and Paul v. Dade County, 419 F.2d 10 (5th Cir. 1969):

> A federal district court is without jurisdiction to hear federal constitutional claims already litigated in the state courts when, as here, there is already a final, appealable judgment by a state court at the time the federal suit is instituted. 419 F.2d at 13.

The only question is whether the federal constitutional issue was litigated in the state circuit court. Although the state court's order did not articulate the legal bases for its decision, the pleadings in the state action provide the necessary guide as to which issues were litigated. *See* Wasoff v. American Automobile Insurance Co., 451 F.2d 767 (5th Cir. 1971).

■ A study of the pleadings in the state proceeding does indicate that the constitutional issues raised in the present litigation were presented to the state court by way of affirmative defense and counterclaim. With the benefit of both legal memoranda and oral argument, the circuit court judge struck the affirmative defense and dismissed the counterclaim for failure to state a claim with prejudice and without leave to amend. Under Florida law, the dismissal operated as an adjudication on the merits. Fla.R.Civ.P. 1.420(b), (c), 30 F.S.A.

Thus the posture of the proceedings is such that the Clarks are asking a federal court to exercise appellate jurisdiction over an adverse state court judgment. This the court cannot do in light of Brown v. Chastain, *supra,* and Paul v. Dade County, *supra.*

In view of the court's finding that it does not possess jurisdiction, the court shall reserve its opinion concerning the constitutionality of the Florida self-help repossession statutes for the appropriate case. Likewise, rulings in the numerous other motions that have been made by the parties are unnecessary. Therefore, it is

Ordered and adjudged that the above-styled action be and the same is hereby dismissed for lack of jurisdiction.