JACK'S FRUIT CO., Plaintiff-Appellant,

v.

GROWERS MARKETING SERVICE, INC., et al., etc., et al., Defendants-Appellees.

No. 73-1400.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1973.

Britt Whitaker, Tampa, Fla., for plaintiff-appellant.

M. Craig Massey, Robert L. Trohn, Lakeland, Fla., for Growers Mktg.

Robert A. Chastain, Gen. Counsel, Fla. Dept. of Agr. & Consumer Services, Leslie McLeod, Jr., Res. Counsel, Tallahassee, Fla., for other defendants-appellees.

Before BELL, COLEMAN and RONEY, Circuit Judges.

PER CURIAM:

Jack's Fruit Co. appeals the dismissal of its suit seeking to bar the enforcement of a state money judgment against it in favor of Growers Marketing Service, Inc. alleged to be void for lack of jurisdiction and notice. The District Court dismissed the case on *res judicata* grounds.

Growers originally had received a damage award from the Florida Citrus Commission against Jack's on a breach of contract complaint pursuant to F.S.A. § 601.66 (Supp.1973). Dissatisfied with the size of the recovery, Growers appealed the method of damage calculation to the Polk County Circuit Court. That court ruled that it lacked jurisdiction. On Growers' petition for rehearing, the court stated that the petition would be treated as a motion to transfer the case to the appropriate state District Court of Appeal unless Growers otherwise requested.

Six months later, the case having been decided on the briefs filed in the Polk County Circuit Court, Jack's received a decision of the District Court of Appeal of Florida, Second Division, reversing the Commissioner on the damage issue.

Growers Marketing Service, Inc. v. Conner, 249 So.2d 486 (Fla.Dist.Ct.App. 1971). Jack's petitioned for rehearing, arguing (1) that the District Court of Appeal lacked subject matter jurisdiction because the Polk County Circuit Court's ruling on Growers' petition for rehearing was not an order which effected transfer of the case, and (2) that the District Court of Appeals' decision did not comport with due process because Jack's had not received adequate notice of the fact of transfer. Rehearing was denied.

Forsaking direct appeal, Jack's made the same arguments to the Supreme Court of Florida in a petition for mandamus or prohibition to vacate and stay enforcement of the mandate of the District Court of Appeal. The Florida high court rejected those arguments. Jack's Fruit Co. v. Growers Marketing Service, Inc., 261 So.2d 171 (Fla.1972). Jack's then brought suit in federal court to bar enforcement of the state court judgment, once again arguing lack of jurisdiction and notice.

 In civil litigation, except for habeas corpus proceedings, a federal district court has no jurisdiction to review final determinations of federal constitutional questions voluntarily submitted to and decided by state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923); Carter v. Fort Worth, 456 F.2d 572 (5th Cir.), cert. denied, 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); Paul v. Dade County, 419 F.2d 10 (5th Cir. 1969), cert. denied, 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed.2d 686 (1970); Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969), cert. denied, 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970). This principle extends to alleged due process violations such as lack of notice. See American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932). In that case the Supreme Court stated that the Surety Company, having challenged a state judgment against it in an independent state action that afforded the opportunity of raising the issue of lack of notice, could not base a federal court action to enjoin enforcement of the state court judgment on the same issue. Id. at 169. Similarly, the Supreme Court has held that the doctrine of res judicata bars subsequent attack on a court's subject matter jurisdiction, if the parties had full opportunity to raise that question in the prior proceedings. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

In this case, Jack's not only had, but actually availed itself of, the opportunity to litigate before the state courts the issues raised on this appeal. Therefore, as the federal district court determined, the doctrine of res judicata bars relitigation. To obtain a federal determination of its federal questions, Jack's should have sought review of the state court action in the United States Supreme Court. See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); Rooker v. Fidelity Trust Co., supra.

Affirmed.