**Betty BRELAND et al., Plaintiffs-Appellants,**

v.

**Edgar RICE, Defendant-Appellee.**

No. 74–1545
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 24, 1974.
Rehearing Denied July 23, 1974.

L. L. Scott, Marshall, Tex., for plaintiffs-appellants.

J. R. Cornelius, Sr., Jefferson, Tex., for defendant-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

This suit sought a federal court stay of the execution of a judgment rendered by a Texas state court. In essence, the petition alleges that Vernon's Ann.Civ. Statute, Article 4619, § 1,[1] and the Texas Common Law designating the husband as the only necessary party in suits involving disputes with third parties as to lands held in the community estate, violate both the Equal Protection and the Due Process clauses of the Fourteenth Amendment.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

I. Article 4619. Community Property. § 1:
Sec. 1. All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. During coverture the common property of the

husband and wife may be disposed of by the husband only; provided however, if the husband shall have disappeared and his whereabouts shall have been and remain unknown to his wife continuously for more than twelve months, the wife shall after such twelve month period and until the husband returns to her and the affidavit hereinafter provided for is made and filed for record, have full control, management and disposition of the community property, and shall have the same powers with reference thereto as are conferred by law upon the husband, and her acts shall be as those of a feme sole.

The state court judgment was rendered in a trespass to try title suit.

After the initial trial on the merits and an appeal,[2] the wives of the original defendants (plaintiffs-appellants here) filed an "Amended Motion for Bill of Review". It was argued that the judgment was void because the wives were named as grantees, along with their husbands, in the purported deeds upon which they claimed title but had not been named defendants to the original proceedings. By this procedure, the wives, although belatedly, joined the litigation and submitted their claims to the adjudication of the state court.

In response Rice, et al., filed a "Plea in Abatement and Application for Injunction".[3] The Texas District Court sustained the plea and granted the application for the injunction, enjoining the wives from interfering with respondents' use and possession of the land in question. This action was bottomed upon Article 4619, *supra*, under which, as conservator of the community estate, the husband is considered the only necessary party in suits involving claims to non-homestead real property. Upon appeal this reasoning was upheld by the Court of Civil Appeals at Texarkana.

Undaunted, the wives on January 19, 1973, filed in the state district court a "Petition to Set Aside Judgment", alleging the same grounds theretofore asserted in the "Bill for Review". Again Rice filed a plea in bar, and again the Court sustained it. On appeal, the wives again lost. Subsequently, review was sought and denied in the Texas Supreme Court.

On December 14, 1973, the wives filed a petition in the United States District Court for the Eastern District of Texas seeking to stay the execution of the Marion County, Texas, District Court judgment. They contend that Article 4619, *supra*, and the specified common law, is unconstitutional as a denial of equal protection and due process as guaranteed by the Fourteenth Amendment and that they (the wives) as alleged purchasers in fee should have been named as party defendants in addition to their husbands; that the designation of the husband as the only necessary party is discrimination based upon sex and is, thereby, in violation of the Equal Protection Clause; and since they are necessary parties, execution of a judgment will deny them of their property without due process of law.

In response to the federal court action, Rice filed a motion to dismiss under Fed.R.Civ.P. 12, raising res adjudicata, lack of jurisdiction, and failure to state a claim upon which relief could be granted. The motion was granted and the wives now pursue their first appeal in the federal system.

Although none of the parties cite the cases, this appeal is clearly governed by our decisions in Brown v. Chastain, 416 F.2d 1012 (5 Cir. 1969), cert. denied, 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134; Paul v. Dade County, Florida, 5 Cir., 419 F.2d 10 (1969), cert. denied, 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed.2d 686; and Carter v. City of Fort Worth, 5 Cir., 456 F.2d 572 (1972), cert. denied, 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130. Having fully and repeatedly litigated their contentions in the state courts, they cannot now begin anew in the federal courts.

Affirmed.

---

2. Breland v. Rice, Tex.Civ.App., 1971, 477 S.W.2d 906, n. r. e.

3. Apparently, the caption of the plea was erroneously entitled since the averment in the petition centered upon the issue of res judicata. As for the injunction, Rice sought to forcibly remove the petitioners from the premises since after numerous efforts the sheriff had been unable to remove them in a non-violent manner.