# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2300

_____

CHARLES LITTON MORRIS,

     Petitioner,

     v.

STATE OF FLORIDA,

     Respondent.

_____

Petition for Writ of Mandamus—Original Jurisdiction.


March 20, 2024


TANENBAUM, J.

In the early part of last year (January 2023), Charles Morris pleaded no contest to felony charges of driving under the influence (fourth offense) and driving while his license was permanently revoked, plus several misdemeanors. The trial court adjudicated him guilty and sentenced him to just over thirty months in prison on the felony convictions and some concurrent jail time for the misdemeanors. He did not appeal.

Instead, two months after his adjudication, he filed a lengthy, seven-claim, hand-written motion under Florida Rule of Criminal Procedure 3.850, seeking to vacate his convictions and sentence. The motion included claims that the statutes under which he was convicted were unconstitutional; there was no probable cause for his arrest; he did not receive competent counsel; and there was an

error in his scoresheet. Mr. Morris obviously had time on his hands to stew about his admitted crimes, so when he did not receive an order on his motion within forty-five days, he filed a "notice of inquiry." Still antsy in the middle of summer, he filed a "motion to hear and rule," but only regarding his sixth claim—the putatively erroneous scoresheet. About forty-five days after that (bringing us to September 2023), he filed the present petition with this court, seeking a writ to compel the trial court to rule on his post-conviction motion. By the beginning of November, the trial court had done just that: It dismissed the motion for facial deficiencies and gave Mr. Morris sixty days to file an amended post-conviction motion. *See* Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion.").

A few weeks later, Mr. Morris filed both an amended motion and an emergency motion to expedite a ruling on his sentencing scoresheet claim. A couple weeks after that, Mr. Morris filed a supplement to that motion. One week later, he filed another notice of inquiry. Then, at the end of January 2024, he filed, in the same underlying case, a petition for writ of habeas corpus—again, making noise about a claimed error in his sentencing scoresheet. Another notice of inquiry followed two weeks later, and Mr. Morris now has asked us to retain his petition and apply it to his effort to get a ruling on his amended post-conviction motion.

We decline. Under the circumstances laid out here, Mr. Morris fails to state a clear legal right to a ruling on the timeline he attempts to establish for the trial court. In fact, Mr. Morris, unfortunately, soon will learn that the sentencing scoresheet claim—which he is spending the most time needling the trial court about—is procedurally barred as an issue he could have raised on direct appeal (which he chose not to take). His petition is both baseless and moot. We dismiss. *See State ex rel. Davis v. Milledge*, 88 So. 2d 909, 909 (Fla. 1956) (dismissing mandamus proceeding because question raised in petition became moot); *see also Barrs v. Peacock*, 61 So. 118, 118 (Fla. 1913) (explaining that a court may dismiss an appeal on its own motion if it appears that "under no circumstances can th[e] relief prayed be made effective"); *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) ("A case is 'moot' when it

presents no actual controversy or when the issues have ceased to exist. A moot case generally will be dismissed.").

Mr. Morris should take this opinion also as an early warning that there can be consequences if he engages in the same course of frivolous filings *with this court* regarding his pleaded-to convictions and his sentence—again, notably, from which he took no appeal. *See* § 944.279(1), Fla. Stat. ("A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . or to have brought a frivolous or malicious collateral criminal proceeding . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.").

DISMISSED.

B.L. THOMAS, J., concurs; LEWIS, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Charles Litton Morris, pro se, Petitioner.

Ashley Moody, Attorney General, and Trisha Meggs Pate, Bureau Chief, Tallahassee, for Respondent.

3